UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT G. TORRENCE | CIVIL ACTION |
| VERSUS | NO. 17-1500 |
| NEW ORLEANS ELECTRICAL PENSION AND ANNUITY PLAN, ET AL. | SECTION "R" (5) |

# ORDER AND REASONS

Defendant New Orleans Electrical Pension Plan (NOEPP) moves the Court to dismiss plaintiff Robert Torrence's complaint.[1] For the following reasons, the Court grants NOEPP's motion.

## I. BACKGROUND

This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA). Plaintiff Robert Torrence joined the International Brotherhood of Electrical Workers (IBEW) in 1972 and became a Journeyman/Wireman out of Local 1077 in Bogalusa, Louisiana in

---

[1] R. Doc. 11. Defendant Southern Benefit Administrators, Inc. (SBA) joined NOEPP's motion. On May 4, 2017, plaintiff voluntarily dismissed SBA. R. Docs. 22, 25.

1976.[2] At that time, Local 1077 was a small chapter, and did not have a welfare benefits plan or a pension plan.[3]

According to plaintiff, he began working in New Orleans in 1976, and all of his contributions were paid to New Orleans Local 130.[4] The NOEPP is Local 130's pension plan. Plaintiff alleges that though he worked over the years in different states, he signed reciprocity agreements whereby his benefits would be paid to Local 130.[5]

In 1991, plaintiff moved back to New Orleans and began working as an electrician for Transit Management of Southeast Louisiana.[6] Plaintiff alleges that during this time his pension contributions should have been made to Local 130.[7] Plaintiff further alleges that for many years he received statements from Local 130 stating that he was fully vested in the NOEPP.[8]

Plaintiff alleges that in 2015, he applied for pension benefits under the pension plan but was denied benefits.[9] On May 3, 2016, his administrative

---

[2] R. Doc. 1 at 2 ¶ 8.
[3] *Id.*
[4] *Id.* ¶ 9.
[5] *Id.* at 2-3 ¶¶ 9-11. Plaintiff's benefits were paid to Local 130, and not plaintiff's Local 1077, because Local 1077 did not have a benefits plan. *Id.*
[6] *Id.* at 5 ¶ 18.
[7] *Id.*
[8] *Id.* at 3 ¶ 13.
[9] *Id.* at 5 ¶ 20.

appeal of the denial of benefits was denied.[10] On February 21, 2017, plaintiff filed this lawsuit. Plaintiff alleges that NOEPP's denial of his benefits was arbitrary and an abuse of discretion, and that NOEPP breached its fiduciary duty to plaintiff.[11] Plaintiff's complaint seeks equitable relief for NOEPP's alleged breach of fiduciary duty under ERISA section 502(a)(3).[12]

In addition to NOEPP, plaintiff's complaint also named SBA, Southern Electrical Retirement Fund, IBEW Local 1077, and IBEW Local 3 as defendants.[13] Plaintiff has since voluntarily dismissed his claims against all of these defendants.[14]

Defendant NOEPP now moves to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a brief response in opposition,[15] and defendant replied.[16]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[10] *Id.* at 6 ¶ 21.
[11] *Id.* at 6-7 ¶¶ 25, 33.
[12] *Id.* at 7 ¶ 35. ERISA section 502 is codified at 29 U.S.C. § 1132.
[13] *Id.* at 2 ¶¶ 4-7.
[14] R. Docs. 25, 27, 31, 33.
[15] R. Doc. 23.
[16] R. Doc. 29.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). But a court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555). In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*,

4

549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

### III. DISCUSSION

#### A. Breach of Fiduciary Duty

Plaintiff's complaint asserts that NOEPP breached its fiduciary duty and is therefore liable under ERISA section 502(a)(3). In *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the Supreme Court recognized that ERISA section 502(a)(3) is a "catchall provision" that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Id.* at 512. Accordingly, in certain instances, ERISA plaintiffs can bring claims for breach of fiduciary duty under section 502(a)(3).

The Fifth Circuit has interpreted the language in *Varity Corp.* to mean that ERISA plaintiffs cannot sue for breach of fiduciary duty for personal recovery if other "adequate relief [is] available." *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610 (5th Cir. 1998); *see also Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 n.5 (2003) ("Because we have found a remedy is available at law under Section 502(a)(1)(B), the Plaintiffs are foreclosed from equitable relief under Section

502(a)(3).") (citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002)); *Metropolitan Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 831, 835 (E.D. Tex. 2002).[17] Accordingly, plaintiff cannot bring a claim for equitable relief for breach of fiduciary duty if he has another remedy available. This includes a claim for denial of benefits under section 502(a)(1). *Tolson*, 141 F.3d at 610. Further, that an ERISA plaintiff may ultimately be unsuccessful in his or her claim for denial of benefits does not make a claim under 502(a)(3) viable. *Id.*; *Hollingshead v. Aetna Health Inc.*, 589 F. App'x 732, 737 (5th Cir. 2014) ("[T]hat [plaintiff] cannot prevail on his claim under section [502](a)(1) does not make his alternative claim under section [502](a)(3) viable.") (citation omitted).

The crux of plaintiff's complaint is that NOEPP improperly denied him benefits under the pension plan.[18] Plaintiff alleges that NOEPP made errors in the administration of the pension plan that "caused Plaintiff to be denied pension benefits under the Plan."[19] He further alleges that the denial of benefits was an abuse of discretion, arbitrary, and based on insubstantial

---

[17] The Fifth Circuit's holding in *Tolson* is consistent with other federal courts that have addressed the question. *See Larocca v. Borden, Inc.*, 276 F.3d 22, 28-29 (1st Cir. 2002) (collecting cases).

[18] *See generally* R. Doc. 1.

[19] *Id.* at 5 ¶ 19.

6

evidence.[20] ERISA section 502(a)(1)(B) states that a civil action may be brought by a plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Thus, to the extent plaintiff believes NOEPP improperly denied him benefits, plaintiff has an adequate remedy under section 502(a)(1)(B). Plaintiff is therefore precluded from bringing a claim for equitable relief under section 502(a)(3). *Tolson*, 141 F.3d at 610; *see also Brown v. Aetna Life Ins. Co.*, 975 F. Supp. 2d 610, 622-23 (W.D. Tex. 2013) ("Because Plaintiff's suit is, at bottom, a suit to recover plan benefits, . . . Plaintiff may not simultaneously maintain his claim for breach of fiduciary duty.") (internal modifications and quotation marks omitted); *Roig v. Limited Long Term Disability Program*, No. 99-2460, 2000 WL 1146522, at *10 (E.D. La. Aug. 4, 2000) (rejecting plaintiff's breach of fiduciary duty claim that was "merely a disguised claim for failure to pay benefits").

### B. Denial of Benefits Claim

Although plaintiff does not explicitly assert a claim for denial of benefits, as explained above, the denial of benefits is clearly the focus of his complaint. But even viewing plaintiff's allegations in the light most favorable

---

[20] *Id.* at 6 ¶¶ 25, 27-28.

7

to him, any claim for denial of benefits fails because plaintiff does not identify any portion or language of the pension plan at issue that confers his benefits. Section 502(a) allows plan participants to sue "to recover benefits due to him under *the terms of the plan*, to enforce his rights under the *terms of the plan*, or to clarify his rights to future benefits under the *terms of the plan*." 29 U.S.C. § 1132(a) (emphasis added). Without any identification of the terms of the pension plan, plaintiff's allegation that NOEPP improperly denied him benefits is conclusory and too speculative to allow the Court to draw a reasonable inference that the NOEPP is liable for the misconduct alleged. Accordingly, plaintiff's claim for denial of benefits must be dismissed. *See Mid-Town Surgical Center, L.L.P. v. Humana Health Plan of Texas, Inc.*, 16 F. Supp. 3d 767, 778 (S.D. Tex. 2014) (granting motion to dismiss claim for denial of benefits because plaintiff failed "to identify any specific plan terms that confer the benefits it seeks); *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 600-02 (N.D. Tex. 2014) ("Accordingly, to assert a claim for benefits under ERISA, a plaintiff must identify a specific plan term that confers the benefits in question.") (internal quotation marks omitted) (collecting cases).

## C. Leave to Amend

Plaintiff's response in opposition asks for the opportunity to amend his complaint if NOEPP's motion is granted.[21] The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

Because a claim for denial of benefits is available to plaintiff as a participant in the pension plan,[22] *see* 29 U.S.C. § 1132(a)(1), any amendment to assert a breach of fiduciary duty claim would be futile. But the identified deficiencies in plaintiff's claim for denial of benefits are not incurable.

---

[21] R. Doc. 23 at 3.
[22] R. Doc. 1 at 1 ¶ 2.

Accordingly, the Court dismisses this claim without prejudice and with leave to amend. Plaintiff has 21 days from the date of entry of this order to amend his claim for denial of benefits.

## IV. CONCLUSION

For the foregoing reasons, NOEPP's motion is GRANTED. Plaintiff's claim for breach of fiduciary duty is DISMISSED WITH PREJUDICE. Plaintiff's claim for denial of benefits is DISMISSED WITHOUT PREJUDICE and with leave to amend within 21 days of entry of this order.

New Orleans, Louisiana, this __25th__ day of July, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE